IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 11-cv-02038-REB-CBS

DEBORAH DUVALL,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,
a Delaware limited liability company,

    Defendant.

---

**ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE
AND RULE 26(f) PLANNING MEETING**

---

    This case has been referred to Magistrate Judge Craig B. Shaffer by District Judge Robert E. Blackburn, pursuant to the Order of Reference filed August 8, 2011.  *See* 28 U.S.C. §636(b)(1)(A) and (B) and FED.R.CIV.P. 72(a) and (b).  Parties[1] are on notice that based upon the nature of the claims, the court has determined that this case is appropriate for expeditious disposition.  As such, parties should expect to proceed to trial within 10 months from the filing of the complaint and that all pretrial deadlines will be set in anticipation of that trial date.  Therefore,

    **IT IS HEREBY ORDERED:**

    (1)  The court shall hold a FED.R.CIV.P. 16(b) scheduling and planning conference on

> **October 26, 2011,
> 8:00 a.m. (Mountain Time)**

The conference shall be held in Courtroom A-402, Fourth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  **Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show valid photo identification.  See D.C.COLO.LCivR 83.2B.**

---

[1] The term "party" as used in this Order means counsel for any party represented by a lawyer, and any *pro se* party not represented by a lawyer.

A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the "Forms" section on the Court's website (http://www.cod.uscourts.gov/Forms.aspx) under the heading "Standardized Order Forms."

In accordance with D.C. COLO. ECF. PROC. 5.12, the parties shall file their proposed scheduling order and also email an editable version to Shaffer_Chambers@cod.uscourts.gov no later than:

> **Seven (7) days prior to the conference**

(2) In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with FED.R.CIV.P. 26(f), no later than:

> **Twenty-one (21) days prior to the conference**

During the Rule 26(f) meeting, the parties shall discuss the following :

- (a) Nature and basis of their claims and defenses. In particular, plaintiff's counsel should come prepared to discuss the factual basis for any claims of actual damage and defendant's counsel should be prepared to disclose the name and address of defendant's telephone service provider.

- (b) Possibilities for a prompt settlement or resolution of the case, or any and all obstacles to a prompt settlement, and

- (c) Develop a proposed scheduling order that reflects the following deadlines:

    - (i) Discovery deadline not more than 3 months after the Scheduling Conference;
    - (ii) Dispositive motion deadline not more than 4 months from the Scheduling Conference;
    - (iii) Final Pretrial Conference not more than 5 months after the Scheduling Conference; and
    - (iv) Trial date not more than 7 months after the Scheduling Conference.

The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which: (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records

in electronic form (*i.e.,* e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery. The parties shall be prepared to discuss these issues, as appropriate, in the proposed Scheduling Order and at the scheduling and planning conference.

These are the minimum requirements for the Rule 26(f) meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation. The discussion of claims and defenses shall be a substantive, meaningful discussion.

Parties should be aware that the court intends to set pretrial deadlines that reflect an expedited approach. To that end parties are reminded that they may begin discovery immediately after then Rule 26(f) meeting (*see* FED.R.CIV.P. 26). The court does not anticipate extending pretrial proceedings because counsel failed to take advantage of the opportunities afforded by FED.R.CIV.P. 26(d).

(3)  The parties shall comply with the mandatory disclosure requirements of FED.R.CIV.P. 26(a)(1) no later than:

**Seven (7) days prior to the conference**

Counsel and parties are reminded that mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses. Mandatory disclosures must be supplemented by the parties consistent with the requirements of FED.R.CIV.P. 26(e). Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court. **Consistent with the court's discretion under FED.R.CIV.P. 26(a)(1), the parties are required to disclose the existence of any and all tape or electronic recordings they have that would be discoverable under FED.R.CIV.P. 26(b)(1)**.

(4)  This matter also is referred to Magistrate Judge Shaffer for settlement purposes and with the authority to convene such settlement conferences and direct related procedures as may facilitate resolution of this case. The scheduling and planning conference is not a settlement conference, and no client representative is required to appear. Nonetheless, to facilitate an early evaluation for the possibility of settlement, counsel shall e-mail a *brief* (15 pages or less, including any attachments) Confidential Settlement Statement in PDF format to **Shaffer_Chambers@cod.uscourts.gov** no later than:

**Seven (7) days prior to the conference**

3

This statement shall briefly outline the facts and issues involved in the case, and should specifically identify any facts and witnesses that would support either (1) a claim of actual damages, or (2) any affirmative defenses asserted. The statement should also include any settlement authority from the client.

Confidential settlements that are <u>over</u> fifteen (15) pages are to be submitted to the court as hard copies and shall be delivered to the office of the Clerk of the Court in an envelope marked "PRIVATE PER MAGISTRATE JUDGE SHAFFER'S ORDERS."

(5) All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLOL.CIVR.). Copies are available from Office of the Clerk, United States District Court for the District of Colorado, or through the District Court's web site: www.cod.uscourts.gov.

All out-of-state counsel shall comply with D.C.COLOL.CIVR. 83.3 prior to the Scheduling/Planning Conference.

DATED at Denver, Colorado, this 7th day of September, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

4